RECEIVED
IN MONROE, LA.
APR 0 4 2012
AC
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-00069 |
| VERSUS | JUDGE ROBERT G. JAMES |
| DEWAYNE A. MAJOR | MAG. JUDGE KAREN L. HAYES |

RULING

On February 17, 2012, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 52] on Defendant Dewayne Major's Motion to Suppress [Doc. No. 32] and Motion to Provide Identification of Alleged RCI [Doc. No. 33], recommending that the Court deny both motions. On March 16, 2012, Defendant filed "Objections to the Magistrate's Report and Recommendation" [Doc. No. 55]. On March 30, 2012, the Government filed a Response [Doc. No. 56] to Defendant's objections.

Having reviewed the entire record in this matter, including Defendant's objections, the Court agrees with and ADOPTS the Report and Recommendation of the Magistrate Judge. The Court issues this Ruling to provide one clarification.

On the first page of the Report and Recommendation, the Magistrate Judge states that "[o]n November 6, 2009, pursuant to an anonymous tip, police officers searched [DeWayne] **Major's home** for narcotics." [Doc. No. 52, p.1]. However, on the fifth page of the Report and Recommendation, the Magistrate Judge states in a footnote that, "although it is not entirely clear, it appears the defendant was sleeping at his **grandmother's home** only for a few nights, perhaps due to a disagreement with his wife." [Doc. No. 52, p. 5 n.5]. At the heart of the Motion to Suppress is

whether Defendant's mother, Naomi Major, had the right to and did provide consent for police officers to enter the residence. At trial, Naomi Major testified that the home in question was her mother's home. As the Magistrate Judge explained, Naomi Major had lived in "the house off and on for forty years, she helped with the bills, and she had the right to allow someone in the house." [Doc. No. 52, p. 7]. After reviewing the trial testimony, the Court finds that the home in question did not belong to Defendant; the home belonged to Defendant's grandmother, and Defendant's mother lived there. Nevertheless, the Court agrees with the Magistrate Judge's analysis and finds that Naomi Major had actual and apparent authority to consent to the entry of police officers.

Accordingly, Defendant's Motion to Suppress [Doc. No. 32] and Motion to Provide Identification of Alleged RCI [Doc. No. 33] are DENIED.

MONROE, LOUISIANA, this ___3___ day of April, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE